**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

RONALD SATISH EMRIT, *Former Client of "Larry Birkhead Attorney"; Nancy Hass of Hallendale Beach, Florida as Family Law Attorney; Former Client of Paul Gardener, Esquire of Gadner Law Group of Baltimore, Maryland as Entertainment Attorney for Outkast; Maya, Moss, also known as Satish Dat Beast*, AKA SATISH DAT BEAST, *AKA* GO GO SATISH,

                       Plaintiff,

     v.

ARI MELBER, *of MSNOW, Journalist Who Covers Hip Hop Music*; UNIVERSAL MUSIC GROUP, *UMG*; NBC UNIVERSAL; PEACOCK; VIVENDI UNIVERSAL OF FRANCE; COMCAST; MSNOW; NBC NEWS; NBC; SNOOP DOGGY DOG, *Marijuana Smoker named Calvin Broadus*; THE STATE OF ARIZONA, UNITED STATES, OLYMPIC COMMITTEE, *USOC*; MIKE TIRICO; CHRIS COLLINSWORTH; SUNDAY NIGHT FOOTBALL; ROGER GOODELL; NATIONAL FOOTBALL LEAGUE, *NFL*; KENDRICK LAMAR; JAY-Z; DR. DRE; ICE CUBE; ESTATE OF EAZY E ERIC WRIGHT, *former HIV/AIDS patient*; SUPERBOWL HALFTIME SHOW; BAD BUNNY,

                      Defendant(s).

No. 1:26-CV-00254
(BKS/PJE)

---

**APPEARANCES:**

Ronald Satish Emrit
6655 38th Lane East
Sarasota, Florida 34243
Plaintiff pro se

**PAUL J. EVANGELISTA**
**U.S. Magistrate Judge**

## REPORT-RECOMMENDATION & ORDER

### I. **Introduction**

Plaintiff pro se Ronald Satish Emrit purported to commence this action on February 18, 2026, with the filing of a complaint and application for leave to proceed in forma pauperis ("IFP").[1]  *See* Dkt. Nos. 1, 2.  The Court has reviewed plaintiff's IFP application and determines he financially qualifies to proceed IFP.[2]  Accordingly, the undersigned must review the sufficiency of plaintiff's complaint, *sua sponte*, pursuant to 28 U.S.C. §§1915(e)(2), §1915A.[3]

### II. **Legal Standards**

28 U.S.C. § 1915 provides that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Thus, it is a court's responsibility to determine that a plaintiff

---

[1]  On May 22, 2026, Chief Judge Sannes entered a pre-filing injunction which enjoined plaintiff "from filing any new actions as a pro se plaintiff in the United States District Court for the Northern District of New York without prior permission of the Chief Judge or his or her designee . . . ." 1:26-pf-0003 (BKS), *In re Ronald Satish Emrit*, dkt. no. 2.  However, as this action was commenced prior to the entry of the pre-filing injunction, it does not apply here. Indeed, plaintiff has commenced several actions before this Court that have been dismissed due to improper venue, as frivolous, or because it was substantially similar to prior cases that had been previously dismissed by this or other district courts, and has "filed hundreds of cases in nearly every federal district in every state, including the District of Columbia.  A number of courts have issued 'vexatious litigant' or pre-filing orders prohibiting [plaintiff] from filing future actions without prior leave of the court or paying a filing fee."  1:26-pf-0003 (BKS), *In re Ronald Satish Emrit*, dkt. no. 1 at 2.

[2] IFP status does not apply to any other costs and fees a plaintiff may incur in bringing an action, including, but not limited to, copying fees.

[3] Despite the statutory language referring to incarcerated individuals, these requirements apply equally to non-prisoner pro se litigants seeking to proceed in forma pauperis.  *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A when an application to proceed in forma pauperis is filed.").

may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). As the Second Circuit stated,

> our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted)*; see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008). Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Further, when reviewing a complaint, a court may look to the Federal Rules of Civil Procedure ("Fed. R. Civ. P"). *See, e.g.*, *Cole v. Smrtic*, No. 1:24-CV-00847 (MAD/CFH),

3

2024 WL 4870495, at *2 (N.D.N.Y. Nov. 21, 2024) (explaining, "special solicitude for pro se pleadings has its limits, because pro se pleadings still must comply with ... the Federal Rules of Civil Procedure . . . .") (internal quotations and citation omitted), *report and recommendation adopted*, 2025 WL 247901 (N.D.N.Y. Jan. 21, 2025);[4] *see also* FED. R. CIV. P. 8(a)(2) (providing that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "a short and plain statement of the grounds for the court's jurisdiction . . .  and . . . a demand for the relief sought . . . ."). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

### III.  Initial Review

#### A.  Complaint

On his civil cover sheet for this action, plaintiff indicates that he brings this action pursuant to this Court's diversity jurisdiction. *See* Dkt. No. 1-1 at 1. He indicates that the action involves "other personal injury" and demands $45,000,000. *See id.* He

---

[4] All unpublished cases cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff. *See Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

indicates that he has a related case before Judge Sharon Gealson and where the civil cover sheet asks for the docket number, plaintiff writes, "Alaska case." *Id.*  In the complaint itself, plaintiff explains that he sets forth claims for "public nuisance, industrial espionage, and tortious interference with business relations/contracts." Dkt. No. 1 ("Compl.") at 2.  In his complaint, plaintiff contends repeatedly that "the U.S. District Court for the District of Central California" has jurisdiction over the action.  *See id.* at 9. Plaintiff further contends in the complaint that the "proceeding involves a discussion of Title VII of the Civil Right Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause," contending that "a federal question is presented by the implication of the black-letter law of the aforementioned federal statutes in addition to the discussion of Constitutional Law provisions."  *Id.*

Plaintiff's complaint includes seemingly random and unconnected rantings about Snoop Dog and his friendship with Martha Stewart, the State of Arizona declining to declare Martin Luther King Jr. Day to be a holiday, his history of hiring various well-known attorneys to represent him in family court matters, references to various "artificial intelligence" questions and answers, and a statement that he is

> currently working on backwards time travel (BTT) involving closed-time like curves (CTC's), exotic matter, and Faster Than Light Travel (FTL) through wormholes and white holes traveling faster than speed of light and going backwards in time in which the plaintiff compares to the Indiana Jones movie involving the "Dial of Destiny" and Archimedes trying to get someone from the future to help the Greeks at Syracuse defeat the Romans.

Compl. at 1-11.

In his first cause of action, plaintiff asserts that "Snoop Doggy Dogg" is a public nuisance "because he is a marijuana smoker, a "former gangster rapper," and does not

spend enough time "praising Donald TRump 24 hours a day which is what most Trump supporters do." Compl. at 12.  In his next cause of action, plaintiff sets forth a one-paragraph claim for "industrial espionage,"[5] contending that "industrial espionage should include ideas such as excessive advertising, subliminal messaging, and spying on consumers with artificial intelligence that can be employed both on the internet and Cable Television in which computer-generated images of people is a fake representation and not real persons." *Id.*

In his third cause of action, plaintiff contends that he wishes to set forth a claim for IIED against NBC, Comcast, Peacock, and NBC Universal for their "extreme and outrageous" acts of "constantly promote a marijuana smoker and former gangster rapper." Compl. at 12-13.  In his fourth cause of action, for tortious interference with business relations/contracts, raised against unspecified defendants, plaintiff contends that "the promotion of marijuan (sic) smokers and former gangster rappers such as Snoop Doggy Dog interferes with the careers of other African-Americans who do not want marijuana smothers or gangster rappers like Snoop Doggy Dog, Dr. Dre, or Kendrick Lamar being treated by NBC like the Reverand Dr. Martin Luther King, Junior or Thurgood Marshall." *Id.* at 13.

Plaintiff contends that he seeks "expectation, reliance, restitution, incidental, and consequential damages in the amount of $45 million[,]" "an injunction mandating the racist state of Arizona to rename the Snoop Doggy Dogg Bowl to the Martin Luther King, Junior Bowl since Arizona is the ONLY state which disapproved of Martin Luther King Holiday[,]" and states,

---

[5] It is unclear the defendants against whom plaintiff brings this cause of action.

6

the West Coast Judges should understand that President Donald J. Trump does not like NBC, Comcast, NBC Universal, or Peacock as the plaintiff is a Trump supporter like Steve Bannon and agrees with President Trump and Steve Bannon that NBC, ABC, CBS, and Disney need to be regulated but the Federal Communications Commission (FCC) which is an executive branch of government outside the scope of judicial branch.

*Id.* at 13-14. Plaintiff appends to his complaint eleven pages of exhibits, including several copies of what appear to be an online advertisement for high heels, a photograph of his apparent former Ukrainian fiancé, a business corporation annual report from the State of Rhode Island, a consumer report he filed with the Federal Trade Commission, and a confirmation of a complaint he submitted to the Consumer Financial Protection Bureau  *See id.* at 16-27.

## B. **Discussion**

Plaintiff has raised similar claims[6] in actions he has brought before this District and others, including identical or nearly identical claims in several actions commenced across multiple districts within a few months of each other.  *See Emrit v. Snoop Doggy Dog*, 3:26-CV-00007 (SLG), 2026 WL 1-21642 (D. Alaska Apr. 15, 2026) (dismissing plaintiff's claims for public nuisance, industrial espionage, and tortious interference with contract noting that plaintiff "primarily challenges the naming and existence of a 'Snoop Doggy Dogg Bowl' in Arizona. Plaintiff's narrative includes numerous unrelated allegations, including Plaintiff's prior litigation history, entertainment industry contacts, and personal projects, including

---

[6] *See, e.g.*, 1:24-CV-28 (GTS/CFH), *Emrit v. Sean P. Diddy Combs, et al.*, dkt. no. 1 at 6 (claiming, among other things, (1) Sean P. Diddy Combs was a "public nuisance" and his billboards for Ciroc are "a public nuisance given his newfound status as a sexual predator"; and (2) defendants committed "tortious interference with business relations by continuing to enable a sexual predator such as Sean 'P. Diddy' Combs to conduct business in places of public accommodation such as billboards on highways and streets all throughout the country on billboards owned by companies such as Lamar, Viacom, and Clear Channel Outdoor");

"backwards time travel." ); *Satish Dat Beast v. Snoop Doggy Dog*, CV 26-04-M-WWM, 2026 WL 658996 (D. Montana Mar. 9, 2026) (affirming recommendation to dismiss complaint as frivolous, noting that the complaint claims "public nuisance, industrial espionage, intentional inflectional of emotional distress, and tortious interference with business relations. Emrit's public nuisance claim alleges in part that 'Snoop Doggy Dogg is a public nuisance because he is a marijuana smoker and former gangster rapper' from Long Beach.  Emrit's industrial espionage claim is apparently based on the theory that the tort "'should include ideas such as excessive advertising, subliminal messaging, and spying on consumers with artificial intelligence' using 'computer-generated images of people.'") (internal citations to docket omitted); *Beast*[7] *v. Snoop Doggy Dog*, No. 1:26-CV-00005-DCN, 2026 WL 811668 (D. Idaho Mar. 24, 2026) (dismissing complaint as frivolous where "Satish says that Snoop Dogg is ruining America, claims to have forced the Washington Commanders to change their name, and ponders whether 'God the Father' can 'accomplish backwards time travel through closed time like curves involving exotic matter and faster than light travel.'"; "Beyond the senseless claims presented in the Complaint, Satish seems to be a serial litigant, who has filed the exact same Complaint with this Court as he has recently done in the district courts of Hawaii and Washington."); *Beast*[8] v. *Snoopy Doggy Dog*, No. 26-00006 HG-

---

[7]  Plaintiff commenced this action under the name "Satish Dat BEAST (Former Client of "Larry Birkhead Attorney" Nancy Hass of Hallandale Beach, Florida as Family Law Attorney) and Ronald Satish Emrit (Former Client of Paul Gardner, Esquire of Gardner Law Group of Baltimore, Maryland as Entertainment Attorney for Outkast, Mya, Mos Def, Tommy Davidson, and Salahis), and Go Go Satish (Former Client of Thomas Hart, Esquire of on the Potomac of Washington, Dc and Holland & Knight, Llp and Entertainment Attorney for Gloria Estefan and James Todd Smith Also Known as LI Cool J)".  *Beast v. Snoop Doggy Dog*, 2026 WL 811668, at *1.
[8] Plaintiff commenced this action as Satish Dat BEAST (Former Client of "Larry Birkhead Attorney" Nancy Hass of Hallendale Beach, Florida as Family Law Attorney), Ronald Satish Emrit (Former Client of Paul

WRP, 2026 WL 564602 (D. Haw. Feb. 11, 2026), *report and recommendation adopted*, No. CV 26-00006 HG-WRP, 2026 WL 564015 (D. Haw. Feb. 27, 2026), *appeal dismissed sub nom. Emrit v. Dogg*, No. 26-1494, 2026 WL 1693927 (9th Cir. May 29, 2026) ("Plaintiff alleges claims for public nuisance, industrial espionage, intentional infliction of emotional distress (IIED), and tortious interference with business relations/contracts"; "Plaintiff's claim for public nuisance is based on the allegation that Defendant Snoop Doggy Dogg is a public nuisance because 'he is a marijuana smoker and former gangster rapper' and because he 'is not on the level of Martin Luther King, Junior.'"); *Emrit v. Snoop Doggy Dogg*, *et al.*, No. 26-CV-0464-BJC-VET, 2026 WL 1215035 (S.D. Cal. May 4, 2026) ("In his first claim, Plaintiff alleges a public nuisance claim against Defendant Snoop Doggy Dogg because 'he is a marijuana smoker and former gangster rapper.' In his second claim, Plaintiff argues that 'industrial espionage should include ideas such as excessive advertising, subliminal messaging, and spying on consumers with artificial intelligence.' Plaintiff's third count alleges intentional inflection of emotional distress by Defendants NBC, Comcast, Peacock, and NBC Universal because the networks 'constantly promote [Snoop Dogg] a marijuana smoker and former gangster rapper as being some type of an historical figure on the level of Martin Luther King, Junior.' Finally, in his fourth claim, Plaintiff alleges that 'the promotion of marijauan [sic] smokers and former gangster rappers such as Snoop

---

Gardner, Esquire of Gardner Law Group of Baltimore, Maryland as Entertainment Attorney for Outkast, Mya, Mos Def, Tommy Davidson, and Salahis), Go Go Satish (Former Client of Thomas Hart, Esquire of On the Potomac of Washington, DC and Holland & Knight, LLP and Entertainment Attorney for Gloria Estefan and James Todd Smith also known as LL Cool J). *See Beast v. Snoop Doggy Dogg*, No. 26-00006 HG-WRP, 2026 WL 564602 (D. Haw. Feb. 11, 2026), *report and recommendation adopted*, No. CV 26-00006 HG-WRP, 2026 WL 564015 (D. Haw. Feb. 27, 2026), *appeal dismissed sub nom. Emrit v. Dogg*, No. 26-1494, 2026 WL 1693927 (9th Cir. May 29, 2026).

Doggy Dogg interferes with the careers of other African-Americans who do not want marijuana smokers or gangster rappers like Snoop Doggy Dogg, Dr. Dre, or Kendrick Lamar being treated by NBC like the Reverend Dr. Martin Luther King, Junior or Thurgood Marshall.'") (citations to docket omitted); *Emrit v. Snoop Doggy Dogg, et al.*, No. 2:26-CV-00007-MKD, 2026 WL 67186 (E.D. Wash. Jan. 8, 2026) (dismissing plaintiff's complaint against Snoop Doggy Dog and others as frivolous).[9]

First, it is recommended this Court dismiss plaintiff's complaint due to lack of subject matter jurisdiction.  The Supreme Court of the United States "'has repeatedly held that the federal courts are without power to entertain claims that are so attenuated and unsubstantial as to be absolutely devoid of merit[.]'"  *Hines v. United States*, No. 6:19-CV-06837 (MAT), 2020 WL 570605, at *2 (W.D.N.Y. Feb. 5, 2020) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).  "No federal question jurisdiction exists when the complaint is patently insubstantial, . . . in other words, essentially fictitious."  *Id.* (internal quotation marks and citations omitted).

> Because Article III standing is a "threshold jurisdictional question," the Court must consider it before reaching the merits of plaintiff's claims. *Steel Co.*, 523 U.S. at 102. Like another court faced with the complaint in this action, the Court finds that it lacks jurisdiction over the action because plaintiff has not demonstrated Article III standing. *See Emrit*, 2024 WL 945316, at *2. Plaintiff does not allege any cognizable injury to himself caused by the defendants' actions.

---

[9]  As the undersigned was a party to these cases and, therefore, would have received those courts' decisions in his actions, the Court does not provide copies of these cases to plaintiff.

*Emrit v. Combs*, No. CV 24-372, 2024 WL 5466073, at *2 (E.D. La. June 10, 2024), *appeal dismissed*, No. 25-30141, 2025 WL 2604478 (5th Cir. June 10, 2025).[10]

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

The undersigned does not recommend leave to amend to attempt to cure this defect because such amendment would be futile as plaintiff's claims are also plainly and patently frivolous. Thus, as many of our sister courts have held before in reviewing identical or nearly-identical claims, plaintiff's complaint lacks any arguable basis, and, therefore, is frivolous. Here, the undersigned recommends that plaintiff's complaint be dismissed without leave to amend as any amendment would be futile. *See Beast*, 2026 WL 811668, at *2 ("The Court agrees with the opinions of those courts which reached the same conclusion: Satish's Complaint is frivolous, and it is absolutely clear that no amendment will cure the defects so the Complaint should be DISMISSED without leave to amend."); *Emrit v. Combs*, No. CV 24-372, 2024 WL 5466073, at *2 (E.D. La. June 10, 2024) (("Plaintiff has continuously filed numerous frivolous complaints at district courts throughout the

---

[10] As plaintiff was also a party to this case, the Court will not provide plaintiff a copy of this decision.

country, including many identical to the one filed in this action, and every court faced with the complaint has dismissed it for lack of subject matter jurisdiction, improper venue, failure to state a claim, or as frivolous."), *appeal dismissed* No. 25-30141, 2025 WL 2604478 (5th Cir. June 10, 2025)); *Dieujuste v. Sin*, 731 F. Supp. 3d 440, 455 (E.D.N.Y. 2024), *reconsideration denied*, 734 F. Supp. 3d 232 (E.D.N.Y. 2024), *aff'd*, 125 F.4th 397 (2d Cir. 2025).

## IV. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's in forma pauperis application, dkt. no. 2, is **GRANTED**, and it is

**RECOMMENDED**, that plaintiff's complaint, dkt. no. 1, be **DISMISSED WITHOUT PREJUDICE**[11] **AND WITHOUT LEAVE TO AMEND** due to lack of subject matter jurisdiction, and it is

**ORDERED**, that the Clerk serve plaintiff with a copy of this Report-Recommendation & Order in accordance with the Court's Local Rules.

**IT IS SO ORDERED**.

Dated: June 24, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

---

[11] *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 116 (2d Cir. 2017) ("[A] complaint must be dismissed without prejudice where the dismissal is due to the court's lack of subject matter jurisdiction[.]"))